Green, J.
delivered the opinion of the court.
The principal question in this cause is, whether the recognizance is sufficient to enable the State to obtain execution thereof. The recognizance is in the following words:
“Amos Grigsby and Samuel H. Grigsby came into court and acknowledge themselves severally indebted to the State of Tennessee, each in the sum of one thousand dollars, to be levied of their goods and chattels, lands and tenements, to the use of the State, to be void on condition that the defendant, Luther M. Grigsby, make his personal appearance here on the first Thursday after the first Monday in February next, and answer the State upon an indictment for forgery, and not depart hence without leave of the court,” &c.
At the February term, 1830, of the Giles circuit court, the defendant, Luther M. Grigsby, was called, and not appearing, a forfeiture was taken; and Amos Grigsby being called to come and bring the defendant, and not appearing, a forfeiture was taken against him. The scire fa-cias founded upon these proceedings recites, that “Amos Grigsby and Samuel H. Grigsby came into court and acknowledged themselves severally indebted to the State of Tennessee, each in the sum of one thousand dollars, to be levied of their goods and chattels, lands and tenements, to the use • of the State, to be void on condition *359 that the said Luther M. Grigsby make his personal appearance m court on the urst Ihursday alter the first Monday in February next then ensuing, and answer the State upon an indictment for forgery, and not depart thence without leave of the court.” To this scire facias the plaintiff in error, Amos Grigsby, pleaded nul tiel record, and on the trial of that issue the recognizance was offered in evidence. The first question is, whether the .variance between the scire facias and the recognizance is fatal. The scire facias alleges that the plaintiff in error undertook that Luther M. Grigsby should appear in court. The recognizance is, that “Luther M. Grigsby make his personal appearance here.” There is between the recognizance and the scire facias a material variance. The words “in court,” used in the scire facias, nor other words having the same signification, are not in the recognizance. It does not appear, therefore, that the recognizance given in evidence is the same recited in the scire facias. 1 Chitty on Pleading, 304: 1 Ph. Ev. 171-2: 3 Starkie, 1586-7-8. But this recognizance does not contain such an undertaking on the part of the plaintiff in error as will authorize any proceeding against him. His liability exists only upon a failure on his part to comply with what he has in the recognizance undertaken. The enquiry then is, what did he undertake? The forfeiture and judgment nisi were taken against him because he did not produce the body of Luther M. Grigsby in court. Did he undertake to do so? The circuit court of Giles county is not mentioned in the recognizance, and we cannot gather from it alone in what court it was taken, or where or before what tribunal the defendant was bound to appear. As the terms of the undertaking contained in the recognizance do not require the defendant to appear before the circuit court of Giles county, he cannot be said to have forfeited his undertaking by failing to appear 'there.
Judgment reversed.